IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL JACKSON,

     Plaintiff,

v.                                                                          4:13cv398-WS

TREVOR MELIA and
CHARLES RICHTER,

     Defendants.

_____

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 51) docketed February 9, 2015.  The magistrate judge recommends that the defendants' motion for summary judgment be denied as to the plaintiff's First Amendment claim but granted as to the plaintiff's Eighth Amendment claim and request for punitive damages.  Both the plaintiff ("Jackson") and the defendants ("Defendants") have filed objections (docs. 52 & 60) to the report and recommendation.  Jackson has filed a reply (doc. 58) to Defendants' objections, and Defendants have filed a response (doc. 61) to Jackson's objections.

As noted by the magistrate judge, Jackson asserted only two substantive claims in his complaint—a First Amendment retaliation claim and an Eighth Amendment claim for cruel and unusual punishment.  The magistrate judge correctly concluded that Jackson did *not* include in his complaint either a conspiracy claim[1] or a due process claim.[2]  The parties' objections to the magistrate judge's conclusion in this regard are unpersuasive.

Defendants object to the magistrate judge's recommendation that their motion for summary judgment should be denied as to Jackson's First Amendment retaliation claim.  Like the magistrate judge, this court finds that Jackson has produced sufficient evidence to survive Defendants' motion.  Even *if* the sham affidavit rule were applied as urged by Defendants, thereby precluding

---

[1] Defendants contend that the magistrate judge erred in finding that Jackson did not include a conspiracy claim in his complaint.  While Jackson once used the word "conspired" in his statement of facts, he made no reference to a separate conspiracy claim in the "Statement of Claims" section of his complaint.  Absent any reference to a separate conspiracy claim in Jackson's "Statement of Claims," this court will not presume that Jackson seeks to proceed on a conspiracy claim.

[2] Jackson "takes issue with" the magistrate judge's conclusion that "Plaintiff did not raise a due process claim in this case."  In his complaint, however, Jackson altogether fails to mention a due process claim under the Fifth or Fourteenth Amendment.  Instead, in his "Statement of Claims," Jackson states that "Defendant(s), Trevor Melia and Charles Richter, violated the Plaintiff's First Amendment Right to Freedom of Speech and his Eighth Amendment Right to Be Free from Cruel and Unusual Punishment."  This record, moreover, does not support a due process claim.

consideration of an assertion in Jackson's affidavit that contradicts one of his deposition answers, there is otherwise enough evidence in the record to support the magistrate judge's bottom-line conclusion—namely, that Jackson's First Amendment retaliation claim should proceed to trial.[3]

As to Jackson's Eighth Amendment claim, the magistrate judge concluded that the record contains insufficient proof to support such a claim.  Jackson contends that the magistrate erred in reaching this conclusion.  This court, however, agrees with the magistrate judge.  Jackson's grievances—namely, that Defendants placed fabricated evidence in his cell, conducted a retaliatory search of his cell, and then filed a false disciplinary report that led to Jackson's being placed in disciplinary confinement for approximately five weeks[4]—do not rise to the level of an Eighth Amendment violation.  *See Spires v. Paul*, 581 F. App'x 786, 792

---

[3] Defendants are mistaken in asserting that Jackson's retaliation claim is barred by the Eleventh Circuit's decision in *O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011) ("If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report.").  Jackson was initially found guilty of the violation alleged in the offending disciplinary report, but that result was overturned on appeal, making Jackson's case distinguishable from the *O'Bryant* case.

[4] Jackson successfully appealed the decision reached in his disciplinary hearing and was released from disciplinary confinement before he completed the 60-day assigned sanction.

(11th Cir. 2014) ("To state an Eighth Amendment claim under § 1983, a prisoner must allege an extreme condition that poses an unreasonable risk of serious damage to the prisoner's future health or safety. . . ."); *Brooks v. O'Leary*, 33 F.3d 56 (7th Cir. 1994) (noting that "[c]omplaints about false convictions or sham proceedings . . . do not fall under the Eighth Amendment's prohibition against cruel and unusual punishment"); *Ashanti v. Obama*, No. 2:14–cv–1644 KJN P., 2015 WL 269518, at  *3 (E.D. Cal. Jan. 20, 2015) ("Plaintiff's claim that defendants planted false evidence and filed false disciplinary charges does not state an Eighth Amendment claim.").

Jackson urges this court to reject the magistrate judge's recommendation regarding his request for punitive damages.  As noted by the magistrate judge, the Eleventh Circuit has clearly held that, in the absence of a physical injury, a request for compensatory and punitive damages is foreclosed by 28 U.S.C. § 1997e(e). *See, e.g.*, *Logan v. Hall*, No. 14–11761, 2015 WL 1262152, at *2 (11th Cir. Mar. 20, 2015) (recognizing that, in the Eleventh Circuit, claims for both compensatory and punitive damages are foreclosed by 28 U.S.C. § 1997e(e)); *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011).  Jackson suggests that the magistrate judge ignored persuasive authority "by the vast majority of other federal circuit court appellate jurisdictions."  This court, however, cannot ignore binding authority from

the Eleventh Circuit.  Because, in the Eleventh Circuit, an inmate's request for

punitive damages is foreclosed in the absence of physical injury, and because

Jackson has demonstrated no such injury, his request for damages must be limited

to nominal damages only.

Accordingly, it is ORDERED:

1.  Defendants' motion (doc. 36) for summary judgment is GRANTED as to

Jackson's Eighth Amendment claim and request for punitive damages.  Jackson's

request for damages shall be limited to nominal damages only.

2.  Defendants' motion for summary judgment is DENIED as to Jackson's

First Amendment claim.

3.  The case shall be REMANDED to the magistrate judge.

DONE AND ORDERED this ___21st___ day of ___April___, 2015.



s/ William Stafford_____
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE